FILED

13 NOV 12 AM 10:26

DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL MORTGAGE COMPANY D/B/A CENTRAL MORTGAGE LOAN SERVICING COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>DUANE ANDERSON and DOES 1 to X, Inclusive,<br><br>Defendants. | CASE NO. 13-CV-2660 BEN (WMc)<br><br>ORDER REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION |

This action is an unlawful detainer action initially filed in the Superior Court of California, County of San Diego. The Complaint, dated August 23, 2011, alleges that Plaintiff Central Mortgage Company has title to real property located at 1007 Capra Way, Fallbrook, CA 92028. Plaintiff alleges it served Defendant Duane Anderson with written notice to vacate the property on July 27, 2011, but Anderson unlawfully continues in possession of the property. Plaintiff seeks restitution and possession of the property, and damages at the rate of $47.27 per day for use and occupancy of the property and premises from August 2, 2011 until judgment is rendered. Defendant was served with the summons on September 19, 2011. On November 5, 2013, Defendant removed the action to this Court.

Congress has authorized a defendant to remove a civil action from state court to federal court. 28 U.S.C. § 1441. However, the removing party "always has the burden

of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Moreover, there is a strong presumption against removal jurisdiction; doubts as to whether the federal court has subject matter jurisdiction must be resolved in favor of remand. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A defense based on federal law is not sufficient to remove an action to federal court. *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994) ("[N]either an affirmative defense based on federal law . . . nor one based on federal preemption . . . renders an action brought in state court removable.").

This Court does not have subject matter jurisdiction over the present action. Because the Complaint does not allege violation of any federal law, this Court does not have federal question jurisdiction. *See* 28 U.S.C. 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). In addition, because the Complaint seeks less than $10,000 in damages, this Court does not have diversity jurisdiction. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States.").

This Court lacks subject matter jurisdiction. Accordingly, the Court **REMANDS** this action to the Superior Court of California, County of San Diego.

**IT IS SO ORDERED.**

DATED: November 08, 2013

HON. ROGER T. BENITEZ
United States District Court Judge